**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Christopher F.,**[1] | : | |
| | : | **Case No. 2:24-cv-3148** |
| **Plaintiff,** | : | |
| | : | **Judge Graham** |
| **v.** | : | |
| | : | |
| **Commissioner of Social Security,** | : | **Magistrate Judge Litkovitz** |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

Plaintiff Christopher F. ("Plaintiff") initiated this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for disability insurance benefits ("DIB"). *See* Statement of Errors, doc. 8. The Magistrate Judge issued a Report and Recommendation ("R&R") which found Plaintiff's Statement of Errors unpersuasive and recommended that the Commissioner's final decision be affirmed. Doc. 11. Plaintiff's objections to the R&R are now before the Court and ripe for ruling. Doc. 12. For the reasons that follow, the Court **OVERRULES** the objections, **ADOPTS** the R&R, in full, and therefore **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

## LEGAL FRAMEWORK & STANDARD OF REVIEW

*Social Security*

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).

The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

*Judicial Review*

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. See *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the

Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers*, 582 F.3d at 651 (quoting *Bowen*, 478 F.3d at 746); *see also Wilson*, 378 F.3d at 545–46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

*Objections to a Report and Recommendation*

If a party raises timely objections to the report and recommendation of a magistrate judge, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 904 (E.D. Mich. 2021) "The filing of objections provides the district court with the opportunity… to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Hardy v. Comm'r of Soc. Sec.*, 554

F. Supp. 3d 900, 904 (E.D. Mich. 2021) (quoting *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)). Therefore, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Smith v. Detroit Fed'n of Tchrs. Loc. 231, Am. Fed'n of Tchrs., AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).

**SUMMARY OF ADMINISTRATIVE RECORD**

Neither party raises any issues with the Magistrate Judge's recitation of the ALJ's findings of fact and conclusions of law in the R&R:

> The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:
>
> 1. [Plaintiff] meets the insured status requirements of the Social Security Act through June 30, 2025.
>
> 2. [Plaintiff] engaged in substantial gainful activity during 2022 (20 CFR 404.1520(b) and 404.1571 *et seq.*).
>
> 3. However, there has been a continuous 12-month period(s) during which [plaintiff] did not engage in substantial gainful activity. The remaining findings address the period(s) [plaintiff] did not engage in substantial gainful activity.
>
> 4. [Plaintiff] has the following severe impairments: Carpal Tunnel Syndrome, Asthma, Migraine, Traumatic Brain Injury, Obstructive Sleep Apnea, a history of Degenerative Joint Disease of the Bilateral Shoulders - status/post Rotator Cuff and Bicep Repair procedures, a history of a healed, nondisplaced Fracture of the Coccyx, Degenerative Joint Disease of the Bilateral Knees, Post-traumatic Stress Disorder, Anxiety, and Major Depressive Disorder (20 CFR 404.1520(c)).
>
> 5. [Plaintiff] does not have an impairment or combination of impairments that meets or medically

> equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 6. After careful consideration of the entire record, the [ALJ] finds that [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except he could stand and/or walk for 4 hours in an 8-hour work day; he could sit for 6 hours in an 8-hour workday; he could occasionally climb ramps and stairs; he should avoid climbing ladders, ropes, or scaffolds; he could occasionally stoop, kneel, or crouch; he should avoid crawling; he could occasionally reaching overhead with the bilateral upper extremities; he [could] frequently push and/or pull, handle, and finger with the bilateral upper extremities; he should avoid exposure to hazards, including moving machinery, heavy machinery, and unprotected heights; he should avoid commercial driving; he should avoid concentrated exposure to extreme loud noises, such as that found at a rock concert; he should avoid concentrated exposure to vibrations, such as with a jackhammer; he should avoid concentrated exposure to fumes, odors, dust, gases, and pulmonary irritants; he could perform simple, routine tasks with few detailed instructions, but should avoid fast pace work or jobs with strict production quotas; he could tolerate occasional changes and occasional decision-making in a static work environment, where any changes are well explained; and he could tolerate occasional, but superficial interactions with coworkers, supervisors, and the public, where superficial is defined as that which is beyond the performance of job duties and job functions for specific purpose and a short duration.
>
> 7. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).
>
> 8. [Plaintiff] was born [in] . . . 1978 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

> 9. [Plaintiff] has at least a high school education (20 CFR 404.1564).
>
> 10. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [plaintiff] is "not disabled," whether or not [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 11. Considering [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform (20 CFR 404.1569 and 404.1569a).
>
> 12. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from January 20, 2020, through the date of this decision (20 CFR 404.1520(g)).
>
> (Tr. 2004-22).

Doc. 11, # 2332-34. [2]

**DISCUSSION**

Plaintiff encourages the Court to consider all the arguments he presents in his Statement of Specific Errors; however, his objections to the R&R are narrower.[3]

As the Magistrate Judge stated in the R&R, Plaintiff alleged two errors related to step four of the sequential evaluation process. First, Plaintiff argues that the ALJ

---

[2] Page numbers following the "#" symbol refer to the ECF PAGEID numbering system. Page numbers following "Tr." refer to the pagination of the administrative record.

[3] As noted above, the Court need only conduct *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court reviews the remaining portions of the R&R—to which no objection is made—for clear error. Fed. R. Civ. P. 72, advisory committee note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

improperly dismissed the findings of psychological consulting opinion sources that plaintiff should be limited to one- or one-to-three step tasks. Second, Plaintiff argues that the ALJ improperly substituted her own definition of "superficial interaction" for purposes of her RFC determination.

As to the first assignment of error, the Magistrate Judge discussed the two medical opinions at issue (one of which was based upon the findings of the other) and the ALJ's assessment of the same. *See* doc. 11, # 2335-42. The Magistrate Judge found that the ALJ adequately explained the consistency and supportability factors in discounting each opinion. *Id.* Plaintiff raises no objection regarding this portion of the R&R, and the Court finds no clear error on the face of the same.

Plaintiff's objections focus instead on the second assignment of error, regarding the ALJ's definition of "superficial interaction." In a nutshell, Plaintiff, at the administrative hearing, pressed for a definition of the phrase which would have been work-preclusive, while the ALJ used a definition which was accounted for in the RFC determination. Plaintiff's proffered definition came from a separate decision by the Appeals Council in an unrelated case.

The Magistrate Judge found Plaintiff's argument unpersuasive, observing that "decisions of the appeals council are not binding in unrelated cases" (doc. 11, # 2343 (citing *Markcus C. v. Comm'r of Soc. Sec.*, No. 2:22-cv-1917, 2023 WL 1783514, at *1 (S.D. Ohio Feb. 6, 2023) (report and recommendation), *adopted*, 2023 WL 2162261 (S.D. Ohio Feb. 22, 2023))) and reasoning that "the ALJ alone is responsible for determining a plaintiff's RFC." *Id.* at # 2344 (citing 20 C.F.R. § 404.1546(c)). However,

the Magistrate Judge further noted that "the relevant question… is not whether the ALJ explained why she adopted a particular definition of the term 'superficial'…rather, the question is whether an ALJ's chosen definition of the term superficial is 'supported by substantial evidence' and 'not contradicted by other record evidence." *Id.* at # 2346 (quoting *Richard S. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2176, 2023 WL 2805347, at *14 (S.D. Ohio Apr. 6, 2023), *report and recommendation adopted,* No. 2:22-CV-2176, 2023 WL 6318135 (S.D. Ohio Sept. 28, 2023)).

In his objections, Plaintiff agrees with and reiterates the Magistrate Judge's articulation of the relevant question. *See* doc. 12, # 2350. However, he argues that the Magistrate Judge "seems to misinterpret the purpose of the reason behind submitting the definition of superficial from the appeals council." *Id.* at # 2351. Plaintiff contends that he was not intending to "claim that the ALJ was required to adopt a certain definition," but "was providing evidence regarding a potential definition for the term 'superficial' interaction." *Id.* Ergo, Plaintiff reasons, the ALJ's definition is contradicted by other record evidence.

The Court is skeptical as to whether Plaintiff can convert portions of a non-binding decision into "record evidence" that the ALJ must explain away. Plaintiff's argument appears to depend on that framework to conjure, at most, an articulation error on the part of the ALJ for failing to "[explain] why her definition was better suited than the definition provided by the Appeals Council." Doc. 12, # 2352. Regardless, Plaintiff concedes that "the term [('superficial')] was found to be supported by substantial evidence as the ALJ included it in the [RFC]." *Id.* at # 2351.

"Thus," Plaintiff continues, "the question is what does that term mean." *Id.* But the ALJ answered that question in the decision when she expressly defined "superficial" as "that which is beyond the performance of job duties and job functions for specific purpose and a short duration." Tr. 2009. *That* is the definition which is substantially supported by the record evidence, as Plaintiff concedes. Plaintiff cannot endorse the substantial support for the ALJ's definition only to claim that it actually supports the materially different definition that he prefers. *See Betz v. Comm'r of Soc. Sec.*, No. 3:21-CV-2408, 2022 WL 17717496, at *11 (N.D. Ohio Nov. 8, 2022), *report and recommendation adopted,* No. 3:21 CV 2408, 2022 WL 17985680 (N.D. Ohio Dec. 29, 2022) ("the ALJ needed to explain why he determined that [claimant] was limited to superficial contact *as [the ALJ] defined it*, and it is sufficient that the record not be clearly contrary to that definition.").

In sum, the Court is not persuaded by Plaintiff's objections.

## CONCLUSION

For the reasons set forth above, the Court finds no error in the ALJ's benefits determination. Therefore, Plaintiff's objections are **OVERRULED**, the Magistrate Judge's R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, the Commissioner's finding is **AFFIRMED**, and this case is **DISMISSED**.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: September 4, 2026